JERRY HILL,
individually and on behalf of all others
similarly situated,

    Plaintiff,

v.

FLOSPORTS, INC.,

    Defendant.

Case No. 1:22-CV-00854-LJV

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT FLOSPORTS, INC.'S MOTION TO STRIKE PLAINTIFF'S CLASS ALLEGATIONS IN THE AMENDED <u>COMPLAINT</u>**

# TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | FACTUAL BACKGROUND | 1 |
| III. | LEGAL STANDARD | 1 |
| IV. | ARGUMENT | 2 |
| | A. This Court Has Personal Jurisdiction Over The Nationwide EFTA Class Members' Claims | 2 |
| | B. The Nationwide EFTA Class Allegations Concerning Actual Damages Are Appropriate | 7 |
| V. | CONCLUSION | 9 |

# TABLE OF AUTHORITIES

**Case law**                                                                                                                                             **Page(s)**

*Ackerman v. Coca–Cola Co. & Energy Brands, Inc.*,
  2013 WL 7044866, at *6 (E.D.N.Y. July 18, 2013) .............................................................. 8

*Bank v. Vivint Solar, Inc.*, No. 18-CV-2555 (MKB),
  2019 WL 13213399 (E.D.N.Y. Oct. 21, 2019) ..................................................................... 1

*Bank v. CreditGuard of Am.*, No. 18-CV-1311 (PKC) (RLM),
  2019 U.S. Dist. LEXIS 49363, 2019 WL 1316966 (E.D.N.Y. Mar. 22, 2019) ................... 4

*Barghout v. Bayer Healthcare Pharms.*, No. 11 Civ. 1576,
  2012 WL 1113973 (D.N.J. Mar. 30, 2012) .......................................................................... 2

*Bethel v. BlueMercury, Inc.*, No. 21 CIV. 2743 (KPF),
  2022 WL 3594575 (S.D.N.Y. Aug. 22, 2022) ................................................................ 3-5

*Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*,
  582 U.S. 255, 267 (2017) .................................................................................................. 2-3

*Campbell v. Freshbev LLC*,
  322 F. Supp. 3d 330, 337 (E.D.N.Y. 2018) ......................................................................... 2

*Chenensky v. New York Life Ins. Co.*, No. 07 CIV. 11504 WHP,
  2011 WL 1795305 (S.D.N.Y. Apr. 27, 2011) ...................................................................... 2

*Cummings v. FCA US LLC*,
  401 F. Supp. 3d 288, 317 (N.D.N.Y. 2019) ......................................................................... 4

*Daniel v. Tootsie Roll Indus., LLC*, No. 17 CIV. 7541 (NRB),
  2018 WL 3650015 (S.D.N.Y. Aug. 1, 2018) ....................................................................... 3

*Famular v. Whirlpool Corp.*, No. 16 CV 944 (VB),
  2017 WL 2470844 (S.D.N.Y. June 7, 2017) ....................................................................... 3

*Friedman v. 24 Hour Fitness USA, Inc.*, No. CV 06-6282 AHM (CTX),
  2009 WL 2711956, at *11 (C.D. Cal. Aug. 25, 2009) ...................................................... 7, 9

*Fischer v. Fed. Express Corp.*,
  42 F.4th 366, 375 (3d Cir. 2022), No. 22-396, 2023 WL 2357330 (U.S. Mar. 6, 2023) .... 3

*Flores v. Diamond Bank*, No. 07 C 6403,
  2008 WL 4861511, at *3 (N.D. Ill. Nov. 7, 2008) .............................................................. 8

*Gawarecki v. ATM Network, Inc.*, No. 11-CV-1923 SRN/JJG,
 2014 WL 2600056, at *15 (D. Minn. June 10, 2014)...........................................................8

*Gonzalez v. Costco Wholesale Corp.,* No. 16CV2590(NGG)(JO),
 2018 WL 4783962 (E.D.N.Y. Sept. 29, 2018) ....................................................................2

*In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, No. MDL 09-2047,
 2017 WL 5971622 (E.D. La. Nov. 30, 2017) .....................................................................5

*Kinder v. Dearborn Fed. Sav. Bank*, No. 10-12570,
 2011 WL 6371184, at *4 (E.D. Mich. Dec. 20, 2011).........................................................8

*Kurtz v. Kimberly-Clark Corp.*,
 321 F.R.D. 482, 528 (E.D.N.Y. 2017) .................................................................................8

*Lugones v. Pete & Gerry's Organic, LLC*,
 440 F. Supp. 3d 226, 236 (S.D.N.Y. 2020)..........................................................................6

*Lyngaas v. Ag*,
 992 F.3d 412, 433 (6th Cir. 2021) .......................................................................................4

*Mayotte v. Associated Bank, N.A.*, No. 07-C-0033,
 2007 WL 2358646, at *5 (E.D. Wis. Aug. 17, 2007) ..........................................................8

*Molock v. Whole Foods Mkt. Grp., Inc.*,
 952 F.3d 293 (D.C. Cir. 2020)..............................................................................................5

*Mussat v. IQVIA, Inc.*,
 953 F.3d 441, 448 (7th Cir. 2020) ................................................................................... 3-4

*O'Donovan v. CashCall, Inc.*,
 278 F.R.D. 479, 490 (N.D. Cal. 2011).................................................................................8

*Pettenato v. Beacon Health Options, Inc.*,
 425 F. Supp. 3d 264, 279 (S.D.N.Y. 2019)..........................................................................5

*Phillips Petroleum Co. v. Shutts*,
 472 U.S. 797, 808-10 (1985) ...............................................................................................2

*Sanchez v. Launch Tech. Workforce Sols., LLC*,
 297 F. Supp. 3d 1360, 1365 (N.D. Ga. 2018) ......................................................................5

*Savrnoch v. First Am. Bankcard, Inc.*, No. 07-C-0241,
 2007 WL 3171302 (E.D. Wis. Oct. 26, 2007) .....................................................................7

*Simon v. Ultimate Fitness Grp., LLC,* No. 19 CIV. 890 (CM),

    2019 WL 4382204 (S.D.N.Y. Aug. 19, 2019)......................................................................6

*Suarez v. California Nat. Living, Inc.*, No. 17 CV 9847 (VB),
    2019 WL 1046662 (S.D.N.Y. Mar. 5, 2019) ....................................................................6

*Voeks v. Wal-Mart Stores, Inc.*, No. 07-C-0030,
    2007 WL 2358645 (E.D. Wis. Aug. 17, 2007) .................................................................7

*Zambrano v. Strategic Delivery Sols., LLC*, No. 15 Civ. 8410 (ER),
    2021 WL 4460632 (S.D.N.Y. Sept 28. 28, 2021)..............................................................4

**<u>Federal Statutes</u>**

Electronic Funds Transfer Act, 15 U.S.C. § 1693 ................................................................1-3, 7-9

Fair Labor Standards Act, 29 U.S.C. § 201 .............................................................................. 4-6

**<u>Federal Rules</u>**

Fed. R. Civ. P. 23    ............................................................................................... *passim*

Plaintiff Jerry Hill ("Plaintiff") respectfully submits this Memorandum of Law in Opposition to Defendant FloSports, Inc.'s ("Defendant") Motion to Strike Plaintiff's Class Allegations in the Amended Complaint ("Motion").

## I. INTRODUCTION

Defendant uses its Motion to Strike seemingly as a vehicle by which to preemptively litigate class certification. Setting aside that the issues raised by Defendant are properly addressed at only after Plaintiff has moved for class certification, Defendant's Motion to Strike is unavailing. In arguing that non-resident class members lack jurisdiction, Defendant fails to apprehend that the question of personal jurisdiction in a representative action under Rule 23 is resolved by reference only to the *named plaintiff*. Moreover, Defendant's attempt to apply standards appropriate to collective actions to the Rule 23 action is one that is increasingly rejected by courts. Similarly, Defendant attempts to challenge whether Plaintiff can meet the damages element of the EFTA here rather than at class certification and presents a standard that would render class action relief under the EFTA illusory. Defendant's Motion to Strike is premature, mis-founded, and should be denied in its entirety.

## II. FACTUAL BACKGROUND

Plaintiff directs the Court to its Memorandum of Law in Opposition to Defendant's Motion to Dismiss Plaintiff's Amended Complaint for a full recitation of the factual background of this matter. Plaintiff incorporates in full the facts alleged therein.

## III. LEGAL STANDARD

"[i]n this Circuit, the overwhelming trend is to defer consideration of the exercise of jurisdiction over out-of-state putative class members until plaintiff files a motion for class certification." *Bank v. Vivint Solar, Inc.*, No. 18-CV-2555 (MKB), 2019 WL 13213399, at *4

(E.D.N.Y. Oct. 21, 2019); *Gonzalez v. Costco Wholesale Corp.*, No. 16CV2590NGGJO, 2018 WL 4783962, at *8 (E.D.N.Y. Sept. 29, 2018) (same); *Campbell v. Freshbev LLC*, 322 F. Supp. 3d 330, 337 (E.D.N.Y. 2018) (same). Accordingly, "[m]otions to strike are generally looked upon with disfavor [and] a motion to strike class allegations … is even more disfavored because it requires a reviewing court to preemptively terminate the class aspects of … litigation, solely on the basis of what is alleged in the complaint and before plaintiffs are permitted to complete the discovery to which they would otherwise be entitled on questions relevant to class certification." *Chenensky v. New York Life Ins. Co.*, No. 07 CIV. 11504 WHP, 2011 WL 1795305, at *1 (S.D.N.Y. Apr. 27, 2011) (citations and internal quotation marks omitted); *see also Barghout v. Bayer Healthcare Pharms.*, No. 11 Civ. 1576, 2012 WL 1113973, at *11, (D.N.J. Mar. 30, 2012) (denying pre-discovery motion to strike class allegations).

## IV. ARGUMENT

### A. This Court Has Personal Jurisdiction Over The Nationwide EFTA Class Members' Claims.

Defendant attempts to strike the claims brought on behalf of non-resident class members on the flawed premise that this Court lacks jurisdiction over those claims. MtS p. 3-4. But Defendant's argument appears to confuse the Court's exercise of personal jurisdiction over Defendant with the question of whether the Court can consider the claims of non-resident class members. *See Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 582 U.S. 255, 267 (2017) ("the authority of a State to entertain the claims of nonresident class members is entirely different from its authority to exercise jurisdiction over an out-of-state defendant.") (citing to *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 808-10 (1985). Despite Defendant's focus on absent class members, in the class action context, "personal jurisdiction over each defendant is assessed with respect to the named plaintiffs' causes of action." *Daniel v. Tootsie Roll*

*Indus., LLC*, No. 17 CIV. 7541 (NRB), 2018 WL 3650015, at *7 (S.D.N.Y. Aug. 1, 2018) (quoting *Famular v. Whirlpool Corp.*, No. 16 CV 944 (VB), 2017 WL 2470844, at *2 (S.D.N.Y. June 7, 2017)). Indeed, as the Third Circuit recently noted, "in a class action, the relevant claim is the claim of the class [and] we analyze the jurisdictional questions with respect to the class as a whole, as exemplified by the named plaintiff." *Fischer v. Fed. Express Corp.*, 42 F.4th 366, 375 (3d Cir. 2022), *cert. denied*, No. 22-396, 2023 WL 2357330 (U.S. Mar. 6, 2023); *see also Mussat v. IQVIA, Inc.*, 953 F.3d 441, 448 (7th Cir. 2020) ("absentees are more like nonparties, and thus there is no need to locate each and every one of them and conduct a separate personal-jurisdiction analysis of their claims").

Defendant appears to misapprehend the authorities to which it cites and errs by characterizing those authorities as "address[ing] the issue of personal jurisdiction in relation to class actions." MtS pp. 3-4. Neither *Bristol Meyers* nor *Bethel* involved class actions and neither supports the argument that Defendant asserts here. In *Bristol-Myers* the Supreme Court declined to address the question of jurisdiction over out-of-state plaintiffs in a federal class action. *Bristol-* 582 U.S. at 278 f.n. 4 (2017) ("The Court today does not confront the question whether its opinion here would also apply to a class action in which a plaintiff injured in the forum State seeks to represent a nationwide class of plaintiffs, not all of whom were injured there.") (Sotomayor J., Dissenting). And as noted by the Third Circuit in examining the scope of *Bristol Meyers*:

> The Supreme Court itself has regularly entertained nationwide classes where the plaintiff relied on specific personal jurisdiction, without taking note of any procedural defects. For instance, *Wal-Mart Stores, Inc. v. Dukes*, involved a nationwide class brought in California against Wal-Mart, which was headquartered in Arkansas and incorporated in Delaware. *Phillips Petroleum* involved a nationwide class action brought in Kansas against a defendant headquartered in Oklahoma and incorporated in Delaware. In neither case did the Supreme Court find any jurisdictional deficiencies due to the presence of claims by absent out-of-state class members.

*Fischer*, 42 F.4th at 374 (3d Cir. 2022). The Sixth Circuit and Seventh Circuit have similarly rejected the application of *Bristol Meyers* to the Rule 23 context. *Lyngaas v. Ag*, 992 F.3d 412, 433 (6th Cir. 2021) ("We decline to extend Bristol-Myers Squibb in this manner. Long-standing precedent shows that courts have routinely exercised personal jurisdiction over out-of-state defendants in nationwide class actions, and the personal-jurisdiction analysis has focused on the defendant, the forum, and the named plaintiff, who is the putative class representative."); *Mussat*, 953 F.3d at 448 (7th Cir. 2020) ("nothing in the Rules frowns on nationwide class actions, even in a forum where the defendant is not subject to general jurisdiction").

Subsequent decisions from within the Second Circuit have also declined to apply *Bristol Meyers* to class actions. *See Cummings v. FCA US LLC*, 401 F. Supp. 3d 288, 317 (N.D.N.Y. 2019) ("This Court therefore does not believe that *Bristol-Myers Squibb* stands for the point of law that all putative class members in a class action must meet the requirements of personal jurisdiction imposed on plaintiffs in ordinary (non-class action) cases."); *see also Bank v. CreditGuard of Am.*, No. 18-CV-1311 (PKC) (RLM), 2019 U.S. Dist. LEXIS 49363, 2019 WL 1316966, at *12 n.11 (E.D.N.Y. Mar. 22, 2019) (noting that "most district court decisions have held that *Bristol-Myers* does not apply to federal class actions" but declining to decide on decide the issue).

Defendant's reliance on *Bethel* is similarly misplaced because the court's holding there applies specifically to collective claims under the FLSA, in which "each plaintiff is a real party in interest," unlike class actions brought under FRCP 23. *Bethel v. BlueMercury, Inc.,* No. 21 CIV. 2743 (KPF), 2022 WL 3594575, at *11 (S.D.N.Y. Aug. 22, 2022) ("an FLSA collective action is more comparable to the mass tort action in *Bristol-Myers* than to a Rule 23 class action."); *see also Zambrano v. Strategic Delivery Sols., LLC*, No. 15 Civ. 8410 (ER), 2021 WL 4460632, at *8 (S.D.N.Y. Sept 28. 28, 2021) (observing that "[c]ourts in this Circuit recognize that FLSA

4

collective actions differ from Rule 23 actions in that each FLSA plaintiff has party status and may pursue their own individual claim"); *Pettenato v. Beacon Health Options, Inc.*, 425 F. Supp. 3d 264, 279 (S.D.N.Y. 2019). Moreover, the *Bethel* court goes to great lengths to analyze the distinction between Rule 23 actions and FLSA actions before concluding that, due to the fundamental differences between the two, *Bristol Meyers* would apply to non-resident FLSA plaintiffs. *Bethel*, 2022 WL 3594575, at *11 (citing to *Molock v. Whole Foods Mkt. Grp., Inc.*, 952 F.3d 293 (D.C. Cir. 2020).

Additionally, due process concerns attendant with mass tort or FLSA collective actions are not present in the Rule 23 representative context because "for a case to qualify for class action treatment, it needs to meet the additional due process standards for class certification under Rule 23—numerosity, commonality, typicality, adequacy of representation, predominance and superiority." *In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, No. MDL 09-2047, 2017 WL 5971622, at *14 (E.D. La. Nov. 30, 2017); *see also Sanchez v. Launch Tech. Workforce Sols., LLC*, 297 F. Supp. 3d 1360, 1365 (N.D. Ga. 2018) ("the Court concludes that due-process concerns do not foreclose its exercise of personal jurisdiction over Launch as to the claims of the resident named plaintiff both on his own behalf and on behalf of the unnamed non-resident plaintiffs."); *Bethel*, 2022 WL 3594575, at *11 (noting the difference in process between collective and representative actions); *Molock*, 952 F.3d at 298 (D.C. Cir. 2020); *Pettenato v. Beacon Health Options, Inc.*, 425 F. Supp. 3d 264, 279 (S.D.N.Y. 2019) (same). Because Rule 23 contains procedural safeguards that collective actions do not, the due process considerations associated with the latter are absent from the former.

Ultimately however, Defendant's Motion to Strike is premature as, "[p]utative class members become parties to an action—and thus subject to dismissal—only after class

certification." *Molock, Inc.*, 952 F.3d at 298; *see also Mussat*, 953 F.3d at 445 (7th Cir. 2020) ("The district court's order striking the nationwide class was the functional equivalent of an order denying certification of the class"). Courts within the Second Circuit agree that at this stage in the litigation, it is inappropriate to dismiss the claims of non-resident class members, and any assessment of the propriety of those claims should be deferred until class certification. *See Lugones v. Pete & Gerry's Organic, LLC*, 440 F. Supp. 3d 226, 236 (S.D.N.Y. 2020) ("the Court will not at this stage in the litigation dismiss the claims of *potential* class members who may not reside in New York. At this point, any claims brought by the putative class are hypothetical, and the Court has no knowledge of who will be asserting such claims or what the bases for specific jurisdiction might be. The Court concludes that it is wiser to follow the course of its sister courts and defer any assessment of whether there is specific jurisdiction over the claims of putative non-New York class members until the class certification stage."); s*ee also Suarez v. California Nat. Living, Inc.*, No. 17 CV 9847 (VB), 2019 WL 1046662, at *6 (S.D.N.Y. Mar. 5, 2019) (finding that "the Court need not assess personal jurisdiction over plaintiff's putative out-of-state class action claims unless and until the Court decides a class comprising out-of-state class members merits classification"); *Gonzalez v. Costco Wholesale Corp.*, No. 16 Civ. 2590 (NGG) (JO), 2018 WL 4783962, at *8 (E.D.N.Y. Sept. 29, 2018) (deferring resolution of issue regarding out-of-state class members to class certification stage); *Bank*, 2019 WL 13213399, at *4; (same); *Campbell v. Freshbev LLC*, 322 F. Supp. 3d 330, 337 (E.D.N.Y. 2018) (same); *Simon v. Ultimate Fitness Grp., LLC*, No. 19 CIV. 890 (CM), 2019 WL 4382204, at *4 (S.D.N.Y. Aug. 19, 2019).

In sum, Defendant has failed to meet its burden in demonstrating that non-resident class members claims must be stricken from the complaint and the Motion to Strike should be denied.

### B. The Nationwide EFTA Class Allegations Concerning Actual Damages Are Appropriate.

Neither the plain language of the EFTA, nor the caselaw to which Defendant cites support its assertion that detrimental reliance is required to prove actual damages under the EFTA. MtS pp. 5-6/ The EFTA defines actual damages as damages that are "incurred by the consumer as a result of the failure" of the defendant to comply with the statute and the plain language does not require a showing of detrimental reliance. 15 U.S.C. § 1693m(a); see also *Friedman v. 24 Hour Fitness USA, Inc.*, No. CV 06-6282 AHM (CTX), 2009 WL 2711956, at *11 (C.D. Cal. Aug. 25, 2009) (declining to require a showing of detrimental reliance and certifying a §1693e class); *Voeks v. Wal-Mart Stores, Inc.*, No. 07-C-0030, 2007 WL 2358645, at *4 (E.D. Wis. Aug. 17, 2007) ("this phrase does not necessarily mean that causation of harm must be proven through a showing of detrimental reliance"). Rather, "whether a showing of detrimental reliance is required to prove causation of harm is dependent on the specific statutory provision alleged to have been violated." *Savrnoch v. First Am. Bankcard, Inc.*, No. 07-C-0241, 2007 WL 3171302, at *3 (E.D. Wis. Oct. 26, 2007). As the *Savrnoch* court explains:

> Although improper notice is an element of this statutory provision, the actual violation is not predicated on defective notice as in the EFTA's notice provisions, but rather is predicated on the improper imposition of a fee. Such being the case, in order to recover actual damages for alleged violations of § 1693b(d)(3)(C), a plaintiff would have to show that her damages were "as a result" of the defendant's improperly charging her a fee. Given that Savrnoch's alleged actual damages are her payment of the fee, the improper charging of this fee would arguably be the cause of her damages. Stated another way, Savrnoch's payment of the fee would be "as a result of" FABI's improper imposition of the fee. Given that the alleged violation itself is arguably the cause of Savrnoch's alleged actual damages, detrimental reliance is not needed to prove causation.

*Savrnoch v. First Am. Bankcard, Inc.*, No. 07-C-0241, 2007 WL 3171302, at *4 (E.D. Wis. Oct. 26, 2007). And here, Plaintiff is alleging that Defendant withdrew money from her account without pre-authorization under § 1693e. Accordingly, here the damages resulting to absent class members

7

are not the result of their reliance on a statement or omission, but as a result of Defendant's improper withdrawal of their money. *See O'Donovan v. CashCall, Inc.*, 278 F.R.D. 479, 490 (N.D. Cal. 2011) (certifying an ETFA class premised on violations of § 1693e); *Mayotte v. Associated Bank, N.A.*, No. 07-C-0033, 2007 WL 2358646, at *5 (E.D. Wis. Aug. 17, 2007); *Kinder v. Dearborn Fed. Sav. Bank*, No. 10-12570, 2011 WL 6371184, at *4 (E.D. Mich. Dec. 20, 2011).

Moreover, even if detrimental reliance were a necessary element of the claim, class certification is not defeated. *Flores v. Diamond Bank*, No. 07 C 6403, 2008 WL 4861511, at *3 (N.D. Ill. Nov. 7, 2008) ("The Court need not, however, resolve the question of whether a plaintiff seeking actual damages for a violation of § 1693b of the EFTA must prove detrimental reliance. A class action may not be defeated merely because some factual variations among the plaintiffs' grievances."); *Gawarecki v. ATM Network, Inc.*, No. 11-CV-1923 SRN/JJG, 2014 WL 2600056, at *15 (D. Minn. June 10, 2014) (certifying ETFA class and noting that "Defendant has not identified any individualized inquiries sufficient to defeat the predominance of the common questions").

Defendant's attempt to strike Plaintiff's plea for actual damages is not only unsupported by law but it is, once again, premature. The goal of class actions is to promote efficiency and economy of litigation, and Defendant's argument would effectively foreclose the ability of consumers to seek redress for relatively small individual harms caused by Defendant's widespread practice in violation of the EFTA. *See Kurtz v. Kimberly-Clark Corp.*, 321 F.R.D. 482, 528 (E.D.N.Y. 2017) "(Rule 23 class actions are designed to promote efficiency and economy of litigation"); *Ackerman v. Coca–Cola Co. & Energy Brands, Inc.*, 2013 WL 7044866, at *6 (E.D.N.Y. July 18, 2013); *see also* Fed. R. Civ. P. 23(b)(3). At class certification any individualized issues can be managed through the use of common proof, such as expert testimony

8

or statistical analysis, especially considering that Defendant's violation of the EFTA affected all class members in the same way. *See e.g., Friedman*, 2009 WL 2711956, at *7.

As Defendant has failed to demonstrate that absent class members cannot plausibly attain class certification as to actual damages, the Motion to Strike should be denied.

## V. CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests that the Court deny Defendant's Motion to Strike.

Dated March 31, 2023.                                          Respectfully submitted,

**Milberg Coleman Bryson Phillips Grossman PLLC**

*s/ Randi A. Kassan*
Randi A. Kassan
100 Garden City Plaza
Suite 500
Garden City, NY 11530
516-741-5600
Fax: 516-741-0128
Email: rkassan@milberg.com

Scott C. Harris (*pro hac vice*)
Milberg Coleman Bryson Phillips Grossman PLLC
900 W. Morgan Street
Raleigh, NC 27603
919-600-5003
Fax: 919-600-5035
Email: sharris@milberg.com

**CERTIFICATE OF SERVICE**

I, Randi Kassan, counsel for Plaintiff and the Proposed Class, hereby certify that on March 31, 2023, the foregoing Plaintiff's Opposition to Defendant's Motion to Strike Plaintiff's Class Allegations in the Amended Complaint was electronically filed with the Clerk of Court using the CM/ECF filing system and a true and correct copy of the foregoing was served on all counsel of record via CM/ECF notification.

/s/ <i>Randi Kassan, Esq.</i>
Randi Kassan, Esq.