

IN THE CIRCUIT COURT OF DUPAGE COUNTY, ILLINOIS
18TH JUDICIAL CIRCUIT

DANIEL O'MALLEY, LUCAS YOUNG, and
CHARLES BUCKINGHAM, *individually and
on behalf of all others similarly situated*,

               Plaintiffs,

v.

FLOSPORTS, INC.,

               Defendant.

Case No. 2023LA000516

**\*FILED\***
SEP 29, 2023 11:24 AM
*Candice Adams*
CLERK OF THE
18TH JUDICIAL CIRCUIT
DUPAGE COUNTY, ILLINOIS

### ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT, CERTIFYING SETTLEMENT CLASS, APPOINTING CLASS REPRESENTATIVES, <u>APPOINTING CLASS COUNSEL, AND APPROVING NOTICE PLAN</u>

WHEREAS, a class action is pending before the Court entitled *O'Malley, et al. v. FloSports, Inc.*, No. 2023LA000516, and;

WHEREAS, Plaintiffs Daniel O'Malley, Lucas Young, and Charles Buckingham (collectively "Plaintiffs") and Defendant FloSports, Inc. have entered into a Class Action Settlement Agreement, which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice as to Defendant upon the terms and conditions set forth therein (the "Settlement Agreement"), and the Court having read and considered the Settlement Agreement and exhibits attached to;

This matter coming before the Court upon the agreement of the parties, good cause being shown, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1.     Terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

2.     The Parties have moved the Court for an order approving the settlement of the

Action in accordance with the Settlement Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice, and the Court having read and considered the Settlement Agreement and having heard the parties and being fully advised in the premises, hereby preliminarily approves the Settlement Agreement in its entirety subject to the Final Approval Hearing referred to in paragraph 5 of this Order.

3.      This Court finds that it has jurisdiction over the subject matter of this action and over all Parties to the Action.

4.      The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, and adequate, within the range of possible approval, and in the best interests of the Settlement Class set forth below. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action, and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal.  The Court also finds that the Settlement Agreement (a) is the result of arm's-length negotiations between experienced class action attorneys; (b) is sufficient to warrant notice of the settlement and the Final Approval Hearing to be disseminated to the Settlement Class; (c) meets all applicable requirements of law, including 735 ILCS 5/2-801 to 807; and (d) is not a finding or admission of liability by the Defendant or any other person, nor a finding of the validity of any claims asserted in the Action or of any wrongdoing or any violation of law.

**Final Approval Hearing**

5.      The Final Approval Hearing shall be held before this Court on February 28, 2024 at 10:00 a.m. in Courtroom 2020 at the DuPage County Courthouse, 505 N. County Farm Rd.,

Wheaton, Illinois to determine (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether to approve the payment of attorneys' fees, costs, and expenses to Class Counsel; and (d) whether to approve the payment of incentive awards to the Class Representatives. The Court may adjourn the Final Approval Hearing without further notice to members of the Settlement Class.

6.      Per the terms of the Settlement Agreement, Class Counsel shall file papers in support of their Fee Award and Class Representatives' Service Awards (collectively, the "Fee Petition") with the Court on or before November 20, 2023, Defendant may, but is not required to, file a response to Class Counsel's Fee Petition with the Court on or before December 18, 2023. Class Counsel may file a reply in support of their Fee Petition with the Court on or before January 2, 2024.

7.      Papers in support of final approval of the Settlement Agreement and any supplementation to the Fee Petition shall be filed with the Court on or before February 14, 2024.

**Certification of the Settlement Class**

8.      For purposes of settlement only: (a) Bursor & Fisher, P.A., Gucovschi Rozenshteyn, PLLC, and Nick Larry Law, LLC are appointed Class Counsel for the Settlement Class; and (b) Daniel O'Malley, Lucas Young, and Charles Buckingham are named Class Representatives. The Court finds that these attorneys are competent and capable of exercising the responsibilities of Class Counsel and that Plaintiffs will adequately protect the interests of the Settlement Class defined below.

9.      For purposes of settlement only, the Court conditionally certifies the following

- 3 -

Settlement Class as defined in the Settlement Agreement:

> All FloSports subscribers who, from August 29, 2018
> through September 28, 2023, enrolled in an automatically
> renewing FloSports subscription using a California, New
> York, North Carolina, Oregon, Florida, Illinois,
> Washington D.C., North Dakota, Virginia, Hawaii, or
> Vermont billing address and paid fee(s) in connection with
> such subscription.

10.    The Court finds, subject to the Final Approval Hearing referred to in Paragraph 5

above, that the Settlement Agreement is fundamentally fair, adequate, and reasonable, and,

solely within the context of and for the purposes of settlement only, that the Settlement Class

satisfies the requirements of 735 ILCS 5/2-801, specifically, that: the Settlement Class is so

numerous that joinder of all members is impracticable; there are questions of fact and law

common to the Settlement Class (e.g., whether Defendant failed to present the automatic renewal

offer terms in a clear and conspicuous manner before the subscription or purchasing agreement

was fulfilled and in visual proximity to the request for consent to the offer; whether Defendant

charged Plaintiffs' and the Class Members' Payment Method for an automatic renewal service

without first obtaining their affirmative consent to the automatic renewal offer terms; whether

Defendant failed to provide an acknowledgement that included the automatic renewal terms,

cancellation policy, and information on how to cancel in a manner that is capable of being

retained by Plaintiff and the Class Members; whether Defendant's conduct alleged herein

constitutes conversion and/or unjust enrichment; whether Plaintiff and the Class Members are

entitled to damages and/or restitution; and whether Plaintiffs and the Class Members are entitled

to attorneys' fees and costs.); the claims of the Class Representatives are typical of the claims of

the members of the Settlement Class; the Class Representatives and Class Counsel will fairly and

adequately protect the interests of the members of the Settlement Class; common questions of

law or fact predominate over questions affecting individual members; and a class action is a

superior method for fairly and efficiently adjudicating the Action.

11.      If the Settlement Agreement does not receive the Court's final approval, or if final approval is reversed on appeal, or if the Settlement Agreement is terminated or otherwise fails to become effective, the Court's grant of class certification shall be vacated, and the Class Representatives and the Settlement Class will once again bear the burden of establishing the propriety of class certification. In such case, neither the certification of the Settlement Class for settlement purposes, nor any other act relating to the negotiation or execution of the Settlement Agreement shall be considered as a factor in connection with any class certification issue(s).

**Notice and Administration**

12.      The Court approves, as to form, content, and distribution, the Notice Plan set forth in the Settlement Agreement, including the Notice Plan, Claim Form, and all forms of Notice to the Settlement Class as set forth in the Settlement Agreement and Exhibits A, B, C, and D thereto, and finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of 735 ILCS 5/2-803. The Court also finds that the Notice constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice is reasonably calculated to, under all circumstances, reasonably apprise members of the Settlement Class of the pendency of this action, the terms of the Settlement Agreement, and the right to object to the settlement and to exclude themselves from the Settlement Class. In addition, the Court finds that no notice other than that specifically identified in the Settlement Agreement is necessary in this Action. The Parties, by agreement, may revise the Notice and Claim Form in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting.

13.      The Court approves the request for the appointment of Artificial Intelligence

- 5 -

Class Solutions ("AICS") as Settlement Administrator of the Settlement Agreement.

14.    Pursuant to paragraph 4.1 of the Settlement Agreement, by October 27, 2023, the

Settlement Administrator is directed to publish the Notice and Claim Form on the Settlement

Website and to send direct notice via E-Mail and U.S. Mail in accordance with the Notice Plan

called for by the Settlement Agreement.  The Settlement Administrator shall also maintain the

Settlement Website to provide full information about the Settlement and allow for the filing of

claims online.

**Requests for Exclusion from Class**

15.    Any person falling within the definition of the Settlement Class may, upon valid

and timely request, exclude themselves or "opt out" from the Class.  Any such person may do so

if, on or before the Objection/Exclusion Deadline of January 25, 2024, they comply with the

exclusion procedures set forth in the Settlement Agreement and Notice.  Any members of the

Class so excluded shall neither be bound by the terms of the Settlement Agreement nor entitled

to any of its benefits.

16.    Any members of the Settlement Class who elect to exclude themselves or "opt

out" of the Settlement Agreement must file a written request with the Settlement Administrator,

received or postmarked no later than the Objection/Exclusion Deadline.  The request for

exclusion must comply with the exclusion procedures set forth in the Settlement Agreement and

Notice and include the Settlement Class member's name and address, a signature, the name and

number of the case, and a statement that he or she wishes to be excluded from the Settlement

Class for the purposes of this Settlement.  Each request for exclusion must be submitted

individually.  So called "mass" or "class" opt-outs shall not be allowed.

17.    Individuals who opt out of the Class relinquish all rights to benefits under the

Settlement Agreement and will not release their claims. However, members of the Settlement Class who fail to submit a valid and timely request for exclusion shall be bound by all terms of the Settlement Agreement and the Final Judgment, regardless of whether they have requested exclusion from the Settlement Agreement.

**Appearances and Objections**

18.    At least twenty-one (21) calendar days before the Settlement Hearing, any person who falls within the definition of the Settlement Class and who does not request exclusion from the Class may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. Any Settlement Class Member who does not enter an appearance will be represented by Class Counsel.

19.    Any members of the Settlement Class who have not timely filed a request for exclusion may object to the fairness, reasonableness, or adequacy of the Settlement Agreement or to a Final Judgment being entered dismissing the Action with prejudice in accordance with the terms of the Settlement Agreement, or to the attorneys' fees and expense reimbursement sought by Class Counsel in the amounts specified in the Notice, or to the award to the Class Representatives as set forth in the Notice and Settlement Agreement. At least fourteen (14) days prior to the Objection/Exclusion Deadline, papers supporting the Fee Award shall be filed with the court and posted to the settlement website. Members of the Class may object on their own, or may do so through separate counsel at their own expense.

20.    To object, members of the Class must sign and file a written objection no later than on or before the Objection/Exclusion Deadline of January 25, 2024. To be valid, the objection must comply with the objection procedures set forth in the Settlement Agreement and Notice, and include his or her name and address; an explanation of the basis upon which he or

- 7 -

she claims to be a Settlement Class Member; a signature; all grounds for the objection, including

all citations to legal authority and evidence supporting the objection; the name and contact

information of any and all attorneys representing, advising, or in any way assisting him or her in

connection with the preparation or submission of the objection or who may profit from the

pursuit of the objection (the "Objecting Attorneys"); and a statement indicating whether he or

she intends to appear at the Final Approval Hearing (either personally or through counsel who

files an appearance with the Court in accordance with the Court Rules).  If a Settlement Class

Member or any of the Objecting Attorneys has objected to any class action settlement where the

objector or the Objecting Attorneys asked for or received any payment in exchange for dismissal

of the objection, or any related appeal, without any modification to the settlement, then the

objection must include a statement identifying each such case by full case caption.

21.     Members of the Class who fail to file and serve timely written objections in

compliance with the requirements of this paragraph and the Settlement Agreement shall be

deemed to have waived any objections and shall be foreclosed from making any objections

(whether by appeal or otherwise) to the Settlement Agreement or to any of the subjects listed in

paragraph 5, above, *i.e.* (a) whether the proposed settlement of the Action on the terms and

conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should

be given final approval by the Court; (b) whether a judgment and order of dismissal with

prejudice should be entered; (c) whether to approve the payment of attorneys' fees and expenses

to Class Counsel; and (d) whether to approve the payment of service awards to the Class

Representatives.

22.     To be valid, objections must be filed with the Court and sent to the Settlement

Administrator at the address listed within the Notice.  In addition, any objections made by a

Class member represented by counsel must be filed through the Court's electronic filing system.

**Further Matters**

23.     All further proceedings in the Action are ordered stayed until Final Judgment or termination of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement Agreement.

24.     Members of the Settlement Class shall be bound by all determinations and judgments in the Action concerning the Action and/or Settlement Agreement, whether favorable or unfavorable.

25.     The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement Agreement until such time as this case is closed. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

26.     Any Settlement Class Member who does not timely and validly submit a claim: (a) shall be forever barred from participating in any distributions of the Settlement Fund; (b) shall be bound by the provisions of the Settlement Agreement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (c) shall forever be barred and enjoined from directly or indirectly filing, commencing, instituting, prosecuting, maintaining, or intervening in any action, suit, cause of action, arbitration, claim, demand, or other proceeding in any jurisdiction, whether in Illinois or elsewhere, on their own behalf or in a representative capacity, that is based upon or arises out of any or all of the Released Claims against any of the Defendant and the other Released Parties, as more fully described in the Settlement Agreement.

27.     If the Settlement Agreement is not approved by the Court in complete accordance with its terms, each party will have the option of having the Action revert to its status as if the Settlement Agreement had not been negotiated, made, or filed with the Court.  In such event, the parties will retain all rights as if the Settlement Agreement was never agreed upon.

28.     In the event that the Settlement Agreement is terminated pursuant to the provisions of the Settlement Agreement or for any reason whatsoever the approval of it does not become Final then (i) the Settlement Agreement shall be null and void, including any provision related to the award of attorneys' fees, and shall have no further force and effect with respect to any party in this Action, and shall not be used in this Action or in any other proceeding for any purpose; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner or for any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding, provided, however, that the termination of the Settlement Agreement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of this Settlement Agreement that would ordinarily be discoverable but for the attempted settlement; (iii) other than as expressly preserved by the Settlement Agreement in the event of its termination, the Settlement Agreement shall have no further force and effect with respect to any party and shall not be used in the Action or any other proceeding for any purpose; and (iv) any party may elect to move the Court pursuant to the provisions of this paragraph.

THEREFORE, per the Settlement Agreement's terms and the date of this Order, the relevant event dates are:

| Event | Timing |
|---|---|
| Amended Motion for Preliminary Approval | Second Amended Motion for Preliminary Approval Filed September 21, 2023. |
| Preliminary Approval Date | Date on which court enters order granting preliminary approval: 9/29/23 |
| Settlement Website posted | By 10 days after Preliminary Approval Order:   10/9/2023 |
| Defendant provides settlement class list to administrator | By 14 days before notice date (no later than 14 days after preliminary approval date): 10/13/2023 |
| Notice Date | 28 days after Preliminary Approval Order: 10/27/23 |
| Claims Deadline | 90 days following Notice Date:  1/25/24 |
| Plaintiff's counsel move for fee and incentive awards | 52 days after Preliminary Approval Date:   11/20/23 |

| | |
|---|---|
| | |
| Objection/exclusion deadline: | No later than 90 days after notice date and no sooner than 14 days after papers supporting the fee award filed with the court: 1/25/24 |
| Final approval motion (after court sets hearing date) | February 14, 2024<br><br>Final Hearing on 2/28/24 |

IT IS SO ORDERED, this 29ᵗʰ day of September, 2023.

Hon. Angelo Kappas